The appellate court of Illinois is reconvened. Thank you. You may be seated. Our next case for today is case number 415-0019, The People of the State of Illinois v. Lattell Pinkston. And for the appellant, we have Mr. Wilson. And for the appellee, we have Ms. Brooks. You may proceed, counsel. May it please the court. Counsel. Good morning, Your Honors. I represent Lately Pinkston on behalf of the Office of the State Appellate Defender. In order to successfully prosecute Lately, the state was required to show that she had actual knowledge of the contents of the order of protection that is at issue in this case. Now normally, the state might try and satisfy that element by calling the officer who served Lately with the order of protection or providing the return of service, the slip that the officer would have filled out had Lately been served. But they didn't do that in this case. Instead, the state called Officer Badwimente. He was the officer who responded to the scene and contacted METCOM, which is some sort of a dispatch center, to check to see if the order of protection was active or not. He confirmed that there was an order of protection in existence, and then he assumed because dispatch did not tell him that Lately had not been served, that she had been served. That was the evidence that the court relied upon in finding that Lately had been served with the order of protection and therefore had knowledge of that order of protection. Now the problem with doing that is when knowledge is a material element of an offense, it cannot be satisfied by conjecture or speculation, which is exactly what the court used to convict Lately here. Badwimente had no idea whether Lately had been served or not. He was operating under what he even admitted was an inference that he received from dispatch's silence regarding this issue. Again, this was the evidence that the court used to sustain Lately's conviction. It was insufficient in this case. Therefore, convictions need to be reversed. The state argues that there was additional evidence that the court could have relied upon, and it asks this court to rely upon that evidence. Specifically, the state notes that Shakira Davis, a friend of Lately's, testified that Lately had told Shakira at some point in the past that Lately thought Mr. Ramirez might get a restraining order against her. But the court didn't even consider that. The court didn't even consider that. Or the other evidence. Correct. The court specifically found that it was not credible and not reliable. That it was wholly insufficient to sustain the state's burden here. But there's an additional problem with Badwimente's testimony. Even if this court were to find that it somehow was sufficient to sustain the conviction here, Badwimente's testimony was nothing other than hearsay testimony. There was no objection. Well, there was no objection to it. There are still two ways so that this court can reach that issue. During the proceedings on counsel's post-trial motion, even though it wasn't included in the post-trial motion, counsel discussed about three-quarters of a page of transcript about how Badwimente's testimony constituted nothing other than hearsay. The state at that point didn't object to that argument, didn't say, hold it, there was no objection, this has been waived. They went ahead and allowed the court to consider that. So it's a little late for the state at this point to be objecting to that portion of this argument. The second issue, though, is we have a complaint error issue. The state doesn't appear to dispute that this was a clear or obvious error in allowing the hearsay in. At least they haven't made that argument in their brief. They argue instead that the evidence in this case wasn't closely balanced. And therefore, there wasn't a problem with allowing, or it doesn't constitute hearsay. We have cases where lots of hearsay is often admitted without objection. And the rule is it's then given its normal probative value. And the notion that plain error applies to letting in hearsay is kind of unusual, isn't it? I mean, we don't have many instances of that, It's often the case that a trial lawyer is not going to object. As someone who teaches evidence, I said, don't object unless you think it hurts. It might be that that was the judgment of the lawyer at the time. You know, the record doesn't say what the judgment of the attorney may have been. What I will say is it did hurt in this case. This was the sole reliable evidence that the court relied upon in convicting Lately of this offense. So I don't think there is a strategic value to allowing this evidence on a material element, the only evidence on a material element that the court found to be sufficient as evidence. But regardless of how plain error may be used in other hearsay cases, it absolutely works here as a matter of plain error. Because again, the evidence is so closely balanced. This was the only competent evidence that the court relied upon in sustaining Lately's conviction, or in convicting Lately. There was no other evidence. If this evidence is excluded, she would have been acquitted of this offense. So I honestly cannot think of a more closely balanced case than this one for the use of plain error. But even if this court disagrees on the notice aspect of it, there are still significant problems with Lately's conviction for Count 2. The order of protection in this case is ambiguous when it comes to Count 2, which involved Lately's daughter, A.R. The two relevant provisions in paragraph 2 conflict with each other. The first one says that Lately must stay away, or stay at least 500 feet away, from the petitioner and any protected person. The petitioner in this case would have been Ramirez. The protected person would have been A.R. But then in the following portion of the order, where the order defines stay away, it only talks about the petitioner. It says nothing about the other protected persons. Those two provisions cannot be read harmoniously. They conflict with each other. And so, according to the David court, the rule of lenity must be applied and the provisions must be read in the light most favorable to the respondent. Wouldn't this be a much more persuasive argument if the defendant said, I was unclear what the order meant, what I was supposed to do or not do? And we don't have any such testimony here, do we? We don't have any such testimony here. The defendant, though, isn't required to say anything in this case. Well, the defendant may not be required to say anything, but if the argument is this was confusing and I didn't know what I was supposed to do, that's an argument which, it seems to me, constitutes a defense that has to be asserted. It is certainly something that we can raise on appeal. It's nothing that is prohibited by the absence of an objection at trial. Well, I suppose that's true. Maybe the better question is how persuasive is it for you to raise it for the first time on appeal when there was no complaint at the trial level about, if he got this order, I didn't know what it meant. And, you know, I still think it is persuasive because if you look at a case like the David case, which is a case where there was some confusion on appeal regarding what the phrase household of premises means. It was a term used in the order of protection. And on appeal, the court looked at that, and the court said, we have to look within the four corners of the order of protection to define this phrase. We can't look at what was said in the trial court. We can't look at the court's rationale for issuing the order of protection. We can't look at the other pleadings that were filed in this case. We have to look at the order of protection. The David court found, much like I'm asking this court to find here, that that term was ambiguous in the order of protection. Which court is this? It's the David, D-A-V-I-T, case. I see. Go ahead. The state has asked this court to essentially refer to the Illinois Domestic Violence Act. Because according to the state, under provisions in the Domestic Violence Act, AR should be defined as a petitioner just like Mr. Ramirez is. The problem with that is, under this analysis that David uses, is we don't look outside of the four corners of the order of protection. The order in this case said, or at least the statute, says that a person violates an order of protection if he or she knowingly commits an act which was prohibited by a court. It doesn't say a person violates an order of protection if they do something that was prohibited by the Illinois Domestic Violence Act. That's potentially the reason why the order of protection in this case is 11 pages long. Because it is supposed to be the extent of the provisions that set forth what lately is prohibited from doing. And the provisions here are ambiguous. But then we have an additional problem with count two. And that is, during the state's presentation of its case, it did not nail down where AR was at the time that Lately allegedly violated the terms of the order of protection as to that provision. Ramirez testified that at some point AR was playing in the yard of the apartment complex. But no one asked him, when Lately drove down the driveway, where was AR? We don't know. We don't know if she was behind the apartment building playing with friends. We don't know if there was playground equipment, bushes, shrubs, obstructions, so Lately wouldn't have known that AR was there. There's no evidence that Lately would have known that AR was there. So we have that additional reasonable doubt issue on top of all of this. As this court knows, we also filed a supplemental verdict in this case, raising a one act, one crime issue. Essentially, the violation of an order of protection statute, as I just said, talks about a person violating an order of protection if he or she knowingly commits an act which was prohibited by a court. It is not dependent on the number of victims in a case, or tied in any way to the number of quote-unquote victims, the petitioners or protected persons. It's tied instead to the provisions of the order of protection that the court has issued. The court is, or would be, the victim in this case if the state indeed served the victim, which again, we contest that it did. So when we're looking at what Lately can be convicted of, we have to look at the acts that she committed. The charging instrument talks about an act in this case, that she drove within 500 feet of the Gulf Crest apartment, and then count one is while Ramirez was present, count two is while A.R. was present. But it only involves a single act, the one act of driving within the 500 feet of the apartment complex. The state points out that there is no case directly on point here, and there's not. This is a somewhat novel argument. But there are analogous cases. If we look to the Hardin case, it's a case where a defendant was charged with reckless discharge of a firearm because he shot towards a car where two police officers were seated. He was charged with two counts, one for each police officer that was in the car, and he was convicted of those counts. He appealed and said, no, that's a one act, one crime violation, because the bravement of the offense was my act. It was not the number of victims in a case. And the appellate court agreed with him on that. The statute in that case says that a person is guilty when they discharge a firearm in the direction of a vehicle he knows to be occupied by a peace officer. In that case, it didn't matter if there was one peace officer or if it was a minivan of eight police officers. The defendant only committed one act. The same is true here. The statute that prohibits the violation of an order of protection prohibits the defendant from committing an act which is prohibited by a court. In this case, Lately committed only one act that was prohibited by the court. She drove within 500 feet of the apartment complex. Now it happened that Ramirez and AR were in the vicinity at the time, but that has nothing to do with the act in this case. The court was the victim here. The precedent that the state cites is all distinguishable. They cite the cases such as Lee, which is an unlawful restraint case. In Lee, the defendant held a gun on three people. And actually, pardon me, I'm not sure if the state cited Lee or if I cited Lee, so I don't want to impugn the state on that. It could have been me that cited Lee. But in that case, the defendant pulled a gun and held the gun on three people. He was convicted of that offense. He appealed and he said, wait a minute. I should have only been convicted of one count of unlawful restraint because I only performed one act. And the court said, no, you're wrong about that because the relevant statute says unlawful restraint of a person. So each person that the defendant unlawfully restrained was a separate count in that case. The violation of an order of protection statute doesn't have any language in it that depends on how many victims there are or petitioners or anything like that. It is simply a showing that the defendant committed an act that was a violation of the court's order. And lately only did that once here. So if this court doesn't have any questions, we would ask that lately these convictions be reversed or that the convictions be outright vacated. Thank you, counsel. You'll have additional time on rebuttal. Ms. Brooks. Thank you, your honors. My name is Alison Paige Brooks. I appear on behalf of the people. May I please the court. The defendant's first issue is the sufficiency of the evidence. And what that means is she is claiming that due process bars her conviction because the record evidence was insufficient to prove beyond a reasonable doubt that she had committed the crime charged. That's important to understand because the test is the record evidence, not simply the one item of evidence that the judge thought was sufficient to convict beyond a reasonable doubt. That's why it's important for this court to review the judgment, not the trial court's reasoning. Because the judgment is what has been placed before this court for review. And this court is not bound by the trial court's reasoning in determining what evidence was important to decide the question of guilt. And so, therefore, it's important to recognize that Ramirez testified that the defendant was in fact served, said it happened at the courthouse. The limitation of that testimony, however, was that he did not say when that happened. So, look at that in conjunction with Officer Badalamenti's testimony. He gets a med-com dispatch, and in his experience, he knows that when an order of protection has not been served, he would be told about that. How would you like to be convicted on that evidence? It's not all the evidence. They didn't say she was served, but because they said, they didn't mention that she was served, I know she was served. Well, Ramirez was a witness to the service at the courthouse. That's how he knows. Was that in the record? I don't think so. He testified that she was served at the courthouse. He did not testify he saw her being served. Well, it's an inference that he was the witness, because he's testifying about something. He was in a different courtroom. She wasn't there on the day he got the order of protection. He learned, supposedly, that she had been served in a different courtroom of the courthouse at some other time than she was in the courthouse. He never testified he saw her served. But there was no objection on the basis of that. I know that. That his testimony was incompetent, because he did not have personal knowledge of what he was testifying to. So, inferentially, on this record, his testimony would support an inference that he saw her service at the courthouse. And Shakira Davis also inferentially supports it? Well, her testimony was that the defendant had told her that Ramirez was trying to get an order of protection on her. And if that is viewed in the context of a plenary order of protection, this court can also recognize that the emergency order of protection that is the subject of the crime in this case contained a notice to the defendant that she had a hearing set on whether a plenary order of protection was going to issue. So, inferentially, again, she read that part of the order of protection that says that she has a hearing set on whether a plenary order of protection was going to issue. And so, when she tells Shakira Davis that he's trying to get an order of protection, that is inferentially what that admission would refer to, that she knows that he had a hearing. In these types of cases, and I was a state's attorney before I went on the bench, and then as a judge, I heard orders of protection. One of the easiest things for a state's attorney to prove is service. They could have asked the court to take judicial notice of the file in 14 CF 36. Exactly right. That's a public record. They could have called the person who served her. They chose not to do that. They did not. But that's not the issue of this case. The issue is whether. The issue is whether they proved beyond a reasonable doubt that she'd been served or had actual knowledge. Without the most obvious testimony that would have easily proved it. And it's very telling that the defendant declines to request a new trial. I didn't find the words new trial in the briefs. Why would she need a new trial if the state failed to prove her guilty in the first one? Well, they're making an argument that the evidence that the judge actually found to be proved beyond a reasonable doubt was an admissible hearsay, according to the defendant. And therefore, they said without that evidence, she would not have been convicted. That's one of their arguments. But their other argument is, even with that evidence, it was insufficient. The point is, if this court is persuaded to follow the trial court's reasoning, but says, no, wait, that evidence was actually inadmissible and finds plain error, then what would be the relief? And this court has the authority to order a new trial. Because when evidence has been, a case has been proved beyond a reasonable doubt, but some sort of error happens, such as the improper admission of evidence, the result is a new trial. And the reason why the defendant doesn't want a new trial is because she knows it would be very easy for the state to simply ask the court to take judicial notice of service, which they should have done the first time around. And that the trial court even mentions. Right. But the point is, if this court agrees that the evidence is sufficient to convict, but finds plain error in admission of evidence, the result is a new trial, not simply outright vacating, which seems to be the only thing the defendant wants and is asking for. But regardless of that, this court still has authority to order a new trial, if that is what this court decides to do, whether or not the defendant requests it. But I'm not done with the amount of evidence. So I explained why it was important, the admission was important, because the connection, these items of evidence are linked. And the connection here is, the defendant's submission to Davis about Merritt's trying to get order protection links up with the contents of that order of protection, which the question is whether that was served on her, but she knows about the setting of the hearing, essentially, on the plenary order. Also, circumstantial evidence. Very curious, she does not leave the apartment until a police officer steps away to check the surveillance video after the other occupants who have been denying that she's inside, falsely, to police, inferentially, because she told them she was going to get arrested. Let me ask you another question on this, what we're talking about right now. I got to thinking and reading the briefs in this case, and the order prohibited her from being within 500 feet of this residence, the stepmother or whoever, she was some, like an aunt to him, if AR or Ramirez were present. Her friend moves into the apartment complex, she's going to do her laundry at her friend's house, how does she know when she's driving by that she's going to come upon them at the residence, and is that a violation when she had no reason to expect that they would be there on that day? Well, the deal is, though, is that she, she passes by, and then she comes back. The child's in the front yard, a small yard, no cars blocking the view. She hesitates, slows down, supposedly waves her points at Ramirez, and then she comes back and goes down the driveway, and not only that, when she's interviewed by police, she, this is extreme consciousness of guilt evidence, she lied. She says she was dropped off at a gas station and came into an apartment from the back, because she knows that if she drove by the front where the child and Ramirez are, that that would put her in violation of the order of protection, so she lies about how she got there, and of course the officer confronts her and says, well, we had surveillance video that didn't happen, and she has to admit that she lied about that. Very important evidence. So if she had just driven by and gone back to her friend's house and never came back, she wouldn't have been guilty of an offense? If she thought she was going to do laundry, and she comes towards that small U-shaped street, sees the child in the front yard, sees Ramirez sitting on the porch, she has to get out of there. She has to leave the 500 feet zone, and she's not committed a crime if she leaves, but if she remains, or if she turns around and comes back and goes down the side of the house and parks behind it and goes in the neighboring apartment while they're there, that is the crime. And yes, she is not automatically convicted simply because she showed up into the area, sees them, and leaves. She turns around, and that's why that's very important is also the fact that they're threatening to get a search warrant, they're threatening to prosecute these other people for obstructing justice, and then she leaves, and then she's caught by the police when she does try to get out, and then when she tells the police, she says she didn't know the address was protected on the emergency order protection. She never denied to the police, and she talked to the police, and she could have simply said, I was never served with it, I didn't know about an order of protection. Instead, her defense to the officer was, which is not a defense, is that she didn't know this address was protected, because if you have service of the order of protection, you have notice of the contents, you know what's in it by law. Simply not reading it is not a defense. You can't say, well, I didn't read it, I didn't know this address was listed. It doesn't matter. She's guilty of the crime, and so the lies to police, the fact she didn't come out, and it seems like borderline overwhelming. It's at least strong for purposes of whether this is plain error, on the hearsay issue, and so this is. As I discussed with counsel, you have unobjected to hearsay, it's to be given its natural, probative effect. Yes. What is its natural, probative effect in this case? Well, the officer knows that every time the order of protection has not been served, she would be told about that fact, and so he, in his experience, can rely on that, and that's why he arrests her for it, because he knows that if it had not been served, he's got to then give her notice of the order of protection, tell her to leave, and not arrest her for it. This is a negative inference based upon not being told something. Which is the practice of METCOM, as he testifies. This is his experience. He knows about the practice. If it had not been served, he would have been told by METCOM dispatch. Then his duty would have been to tell her she has an order of protection that protects this address, and she needs to leave, and not arrest her. He arrests her. What do we do with the PC that comes next, based on ineffective assistance of counsel for failing to object to the METCOM testimony? Well, if it's not plain error, it's not prejudicial, because of the other evidence, but strongly weighted, then it would be... If that METCOM testimony wasn't allowed in, if there had been a proper objection, what evidence was left? Because Ramirez's testimony should have been objected to also. If that's part of her PC as well? Yeah. Is that your question? Yeah. There's still circumstantial evidence, but the result of that, if she gets approved post-conviction relief, would be a new trial. She would, again, have the prosecutor have an opportunity to fix the mistake, have the court take judicial notice of the record in the order of protection proceeding, or bring in an officer to testify about the service, and she'd still end up being convicted. But if she's got to have that burden of showing, and perhaps bringing a post-conviction petition, because she's not raising it here, as a reason for granting a new trial. So this court should not concern itself about future proceedings. I'm just asking you to comment on that. Yes, but it would not be a reason for this court to reverse outright the conviction. So the order of protection is not ambiguous, and I think that part of the defendant's argument seemed to be that based on the cases cited in their brief. The cases cited in their brief are like the proposition is that if the statute does not prohibit what the order of protection prohibits, then the violation of the order of protection is not criminal, because that remedy was not authorized by statute. It says you can't be within 1,000 feet of College of DuPage, and it doesn't matter whether the petitioner is present. That remedy is not statutorily authorized, and the violation would not be criminal. Here, however, the remedy was completely statutorily authorized under Section 214b-3, and A.R. is considered a petitioner, just like Ramirez under Section 103, parenthesis 13, under the definition of who constitutes a petitioner. So because the stay-away provision was statutorily authorized, the violation was criminal as to both petitioners. Now, with respect to the argument that this inclusion of the stay-away, what stay-away means, the defendant's brief definitely adds the word only in here, which does not actually appear in the order of protection. And so, trying to say that this constitutes a limitation of the plain language, contrary to actual what the rest of the surrounding paragraphs say, the surrounding paragraphs say, ordered to stay 500 feet away from the petitioner and or protected person and any other specified place. And then, if that wasn't enough, afterwards says, prohibited from entering or remaining while petitioner and or protected persons are present at following specified places, 708 Gulf Crest Apartment Number 3. And so, it's obvious that that means you cannot be within 500 feet of this apartment while petitioner or A.R. are present. And it says specifically, and or protected persons, twice. And the fact that this says stay-away means to respond, to refrain from physical presence with the petitioner, does not constitute a limitation that would override and make a reasonable interpretation. What the defendant says is somehow that this court should just simply ignore the twice it says, and or protected persons, based on this one little explanatory paragraph, which just simply elucidates what stay-away means. It doesn't control. And therefore, there is no ambiguity. And certainly, no grievous ambiguity has been necessary to apply the rule of lenity. And also, it's kind of an interesting point, because orders of protection are liberally construed to protect the victims, the petitioners. And so, this is kind of an unusual context of applying a rule of lenity in favor of the defendant. When the interpretation is involving the order of protection, which is something that has to be liberally construed. The statute on order of protection has to be liberally construed. Moving on to the one act, one crime issue. The, oh, I'm sorry. One other thing. They're making a claim that, the defendant makes a claim that because the state didn't object to the post-trial motion hearing, that we're somehow barred from asserting a forfeiture on appeal. But that would vitiate the rule that contemporaneous objection and contemporaneous preservation of post-trial motion are required to preserve an issue for appellate review. And essentially, this court would have to overrule even Supreme Court authority on what, on when forfeiture applies in order to find essentially what would be the first case to so hold that an issue is not forfeited, even if there's no contemporaneous objection at trial, so long as the state fails to sort of note that fact, that there was no contemporaneous objection. And so, it seems to be not the case of, that should not be, a forfeiture, the state's court of forfeiture argument should not be being forfeited. With respect to one act, one crime, the defendant says this court, that only the issuing court of order protection is the victim, like the only victim. But then, disregards the fact that restitution is available for victims of a violation of order protection. Crime victims, in the Crime Victims and Witnesses Act, refer to violations of order protection. And so, I'm not sure what the defendant's argument is, that if every violation of an order of protection only has a victim being the issuing court, because if, for example, hypothetically, the victim of an order of protection is beaten up by somebody and given broken bones and sent to the hospital, is the court the only issue, the issuing court the only victim of that violation of order of protection? It just seems to be kind of a ridiculous argument to take. And here, the subject, according to Harden's case, which, I mean, they rely on Harden, the subject of that crime is the vehicle. And it's a different crime. It's aggravated discharge of the firearm. And here, the intent behind the order of protection statutes is to protect people. It protects, by extension, the places where they are, but the intent of these provisions, the subjects of these provisions are the people. It's the proximity to the people, where they're at that matters. But, yes, it's still proximity to the people. And both people are subjects of, Ramirez and Ayer are both subjects of these crimes. They are, should be considered separate victims. And it's neither clear nor obvious, because, remember, this is raised as plain error for the first time on appeal. It has to be clear or obvious that this is a one act, one crime, rule violation, or for this court to even reach the issue and provide relief. And it's not clear or obvious, because of the rule that separate convictions based on one act are proper, if there are multiple victims. And so, the defense attempt to avoid the application of that rule, by saying that only the court is the only victim, is not persuasive. And so, these are offenses directed at people, not merely at the golf course crest property. And so, for these reasons, the state would request this court to affirm the conviction, or in a lesser alternative, grant a new trial. And if this court finds plain error on the ground of improper admission, hearsay. I would entertain other questions, or thank you. Thank you, counsel. Mr. Wilson? Justice Pope, I think you asked counsel for the state a very good question. How would they like to be convicted of this evidence in this case? As I listened to the state, and I didn't count, there were several times where the state said, but it's an inference from this. According to the state, now it's not just that lately told Shakira Davis that Ramirez might, at some point, get an order of protection in the future. Now, according to the state, lately had notice about the plenary order of protection and an upcoming hearing on that order, or that order of protection. That's not here. There's no evidence that that is true. The state's case here is based on inference. The entire case, as far as the knowledge requirement, it's an inference that Badlamente took from Metcom that the defendant had been served with the order of protection. It's an inference that lately knows about the contents of the pleading because of a statement she made to Shakira Davis, maybe weeks prior to the offense in this case, that Ramirez might, at some point, get an order of protection or a restraining order in the future. It's an inference that Ramirez saw lately be served with the order of protection. There's no evidence about that in this record. Ramirez simply said that he believed lately was served at the courthouse. That was it. He could have been told that third hand, or he could have made that up. He obviously has an interest in this case, in getting lately to be convicted. And importantly, this is all evidence that the court heard. This is all evidence that the court heard and the court said that it was insufficient to sustain a conviction here. That the only relevant information,  that it believed as far as the knowledge issue was Badlamente's testimony, which again, suffers from inherently flawed logic and problems. To say that a defendant can be convicted because an officer inferred from the silence of a dispatcher that the defendant had been served with an order of protection, that doesn't meet the applicable standards here. The Gillespie case that I cited during my initial argument talks about the required showing when knowledge is an element of a defense. It cannot be based on conjecture or speculation. It can't be based on what the state is asking this court to find that, well, here's an inference that is actually an inference of an inference. Based the conviction on this. It doesn't work that way. The state wholly failed to provide sufficient evidence in this case that lately was served with the order of protection. And then we get to the problem of the only evidence that the court relied upon, that again is insufficient, is hearsay testimony. Lately was denied an opportunity to question anybody who had actual knowledge regarding whether she had been served or not. And I'll add that the state talks about lately commenting to the officer that she didn't know that this address was a protected place. If I hadn't been served with an order of protection and somebody said, hey, didn't you know this was a protected space? I would have said no too. The fact that she denied knowing that this was a protected place or that Ramirez was there doesn't mean that she was served with the order of protection and didn't read it. It means that she wasn't served with the order of protection at all, which is the evidence in this case. Going on to the ambiguous nature of the order of protection here, the state comments that the other provisions somehow save the order of protection from being ambiguous. But the other provisions that the state cites, all of them, again conflict with that stay away provision. And it renders the entirety of that provision ambiguous. It is not possible for someone to knowingly violate something that's so confusing you can't understand it. And that the order of protection, as was discussed by one of the cases, and I'm not remembering which one, the order of protection in this case and the provisions at issue in this case were found by another court to be ambiguous. We're asking this court to make that same finding. Finally, the state says that this would be the first court to say that the state has waived something by not objecting to it when defense counsel didn't make an objection during trial and didn't put in this post-trial motion. I don't know whether this would be the first court to say that or not, but if the state wanted to object to the defense counsel's argument regarding the hearsay during the post-trial proceedings, their time to do that was during the post-trial proceedings. It wasn't to wait until now after they waived it during the post-trial proceedings and argue that the defendant can't raise it now. So for all those reasons, we'd ask for you to reverse the conditions. We'll take this matter under advisement and we'll be in recess until the next case. Thank you.